UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMASIA LAMATINA BELTON,

     Plaintiff,

v.                                                      Case No: 6:24-cv-1225-JSS-UAM

WALMART, INC.,

     Defendant.

_____/

### **ORDER**

     Defendant moves for summary judgment.  (Dkt. 26.)  Plaintiff does not oppose Defendant's motion.  However, for the reasons outlined below, the motion is denied.

### **BACKGROUND**[1]

     In November 2022, Plaintiff entered Defendant's store located at 1471 E. Osceola Parkway, Kissimmee, Florida 34744.  (*See* Dkt. 1-4 at 85.)  According to Plaintiff, while in the store, she went into the restroom and slipped on water pooled on the floor by the sinks.  (Dkt. 26-1 at 50:4–16, 55:5–1.)  After falling, Plaintiff's clothes were soaked, and she noticed puddles of water.  (*Id.* at 57:9–12.)  Defendant concedes that there were no warning signs or caution cones near the area where Plaintiff fell.  (Dkt. 1-4 at 87.)

     Following the accident, Plaintiff informed two of Defendant's employees that

---

[1] The court generally draws the facts from Plaintiff's deposition (Dkt. 26-1) and from Defendant's response to Plaintiff's request for admissions (Dkt. 1-4 at 83–90).

she fell. (Dkt. 26-1 at 64:17–22.) She maintains that she suffered injuries due to the fall. (*Id.* at 78:12–23.) No photos or videos of the scene have been presented to the court. In March 2023, Plaintiff initiated this case in Florida state court, alleging one count of premises liability negligence. (Dkt.1-1.) In July 2024, Defendant removed the case to this court based on diversity jurisdiction. (Dkt. 1 at 1–3.) Defendant now moves for summary judgment, asserting that Plaintiff failed to provide evidence that it had actual or constructive notice of the water on the floor. (Dkt. 26.)

## APPLICABLE STANDARDS

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] A factual dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes precluding judgment as a matter of law. *Porter v. Ray*, 461

---

[2] Defendant incorrectly cites to Florida Rule of Civil Procedure 1.510 as the applicable summary judgment standard for this dispute. (Dkt. 26 at 2.) As this case is pending in federal court based on diversity jurisdiction, the court applies federal procedural law. *See Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014).

F.3d 1315, 1320 (11th Cir. 2006).

In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta,* 485 F.3d 1130, 1136 (11th Cir. 2007). If the record presents disputed issues of fact, the court cannot weigh the evidence or make findings of fact; rather, the court must deny the motion and proceed to trial. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012); *Morrison v. Anyway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

Federal jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a). (Dkt. 1.) This court is therefore bound to apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Thus, Florida substantive law applies. *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023).

## ANALYSIS

To establish negligence under Florida law, a plaintiff must prove four elements:

(1) a duty of care owed by the defendant to the plaintiff, (2) the defendant's breach of that duty, (3) causation, and (4) damages suffered by the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) ("A negligence claim requires a plaintiff to show that (1) defendants owe plaintiffs a duty, (2) defendants breached the duty, (3) defendants' breach injured plaintiffs, and (4) plaintiffs' damage was caused by the injury to the plaintiff as a result of the defendant's breach of duty." (cleaned up)); *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (discussing the four elements of negligence); *Jeffries v. Amery Leasing, Inc.*, 698 So. 2d 368, 370–71 (Fla. Dist. Ct. App. 1997) (listing the elements of negligence as "duty of care, breach of that duty, causation[,] and damages").

Plaintiff allegedly slipped on water — a "transitory foreign substance" under Florida law. *See* Fla. Stat. § 768.0755; *Walker v. Winn-Dixie Stores, Inc.*, 160 So. 3d 909, 912 (Fla. Dist. Ct. App. 2014). A "transitory foreign substance" is "any liquid or solid substance, item[,] or object located where it does not belong." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001). When a business invitee slips and falls on a transitory foreign substance at a business establishment, Florida law requires the plaintiff to provide evidence of the following to establish that the business owner breached a duty of care:

> [The plaintiff] must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the

condition; or (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1); *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169 (11th Cir. 2023); *accord Del Carpio v. W. Beef of Fla., LLC*, 384 So. 3d 192, 193 (Fla. Dist. Ct. App. 2024).

Here, there is no evidence that Defendant had actual knowledge of the water. (*See* Dkt. 26-1.)  *See Ruth v. Guerrieri Mgmt., Inc.*, 397 So. 3d 781, 785 (Fla. Dist. Ct. App. 2024) ("A business owner has actual knowledge of a dangerous condition when the owner or one of its agents knows of or creates the dangerous condition."). Additionally, the court has not been presented with evidence specifying the length of time the water was on the floor in the restroom.  (*See* Dkt. 26-1.)  Therefore, Plaintiff must provide other evidence to establish that Defendant had constructive knowledge of the water.  *See Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019).

The "mere presence of water on the floor is not enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Dist. Ct. App. 2011). Further, "[a] plaintiff's testimony regarding the condition and age of a [transitory] foreign substance alone is not sufficient to create an issue of fact to preclude summary judgment." *Del Carpio*, 384 So. 3d at 193.  Instead, a plaintiff's testimony "must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the [transitory foreign] substance was on the floor long enough" to establish constructive knowledge under the statute. *Encarnacion v. Lifemark*

*Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. Dist. Ct. App. 2017); *see also Palavicini v. Wal-Mart Stores E.*, LP, 787 F. App'x 1007, 1012 (11th Cir. 2019) (suggesting that "evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid" is evidence that satisfies the plus requirement); *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1280 (Fla. Dist. Ct. App. 2023) ("[The plaintiff]'s testimony about the large amount of dirty liquid and the footprints therein . . . raise[d] a genuine dispute of material fact as to [the defendant]'s constructive knowledge."); *Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 429 (Fla. Dist. Ct. App. 2020) (reversing summary judgment entered against the plaintiff after finding that his testimony that there was "a cup's worth of dirty water located near the bathroom sink, . . . muddy footprints, [and a] skid mark," together with "the lack of evidence establishing that the bathroom was inspected on the day of the incident," "created a genuine issue of material fact").

Viewing Plaintiff's deposition testimony in the light most favorable to her, the court cannot conclude that Defendant met its burden of demonstrating an absence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323. Defendant maintains that summary judgment is appropriate for several reasons that the court will discuss in turn. First, Defendant asserts, Plaintiff did not have "knowledge of how long the floor in the bathroom had been wet." (Dkt. 26 at 9.) However, Florida law does not require Plaintiff to have direct knowledge of how long the puddles were on the floor. *Sutton*, 64 F.4th at 1172 ("Florida law does not demand direct evidence about who or what caused the dangerous substance and when exactly it happened. Instead, circumstantial evidence that sufficiently establishes the dangerous condition was present for a long

enough period of time is enough.").

In *Welch*, the court observed that "footprints are a common feature [in] slip and fall cases that survive summary judgment because they allow a jury to find that the [transitory foreign] substance was on the ground long enough for the defendant to discover it."  357 So. 3d 1277, 1279 (Fla. Dist. Ct. App. 2023).  The *Welch* court held that the plaintiff's testimony that there were "footprints in the puddle" of water satisfied the evidentiary requirement.  *Id.*  Similarly, here, Plaintiff testified during her deposition that she "[saw] dirt marks on the floor [that looked] like track marks" and appeared to look like "[someone's] dirty feet [were] on the floor."  (Dkt. 26-1 at 62:14–17.)  Additionally, Plaintiff testified that the marks resembled "the tracks of a shoe [that form] when water . . . is on the floor [similar to stepping] in a mud puddle."  (*Id.* at 63:9–12.)  Viewed in the light most favorable to her, Plaintiff's testimony supplies evidence from which a jury can reasonably conclude that the water was on the floor long enough to establish Defendant's constructive knowledge under the statute.  *See Welch*, 357 So. 3d at 1279; *Norman*, 301 So. 3d at 429; *Encarnacion*, 211 So. 3d at 278.

Next, Defendant notes that Plaintiff could not state whether the dirt marks "were from someone else's shoe—or her own."  (Dkt. 26 at 9.)  Defendant relies upon a non-binding case to support its contention that a lack of definitive testimony regarding the dirt marks warrants summary judgment.  (*Id.* at 9–10 (citing *Martinez Mejia v. Kohl's, Inc.*, No. 22-61286-CIV, 2023 WL 6311272 (S.D. Fla. Aug. 25, 2023)).)  However, the cited case is distinguishable.  In *Martinez Mejia*, the plaintiff gave conflicting testimony regarding the description of the transitory foreign substance and

did not confirm the presence of any footprints. *Martinez Mejia*, 2023 WL 6311272, at

*5 ("There is no evidence to suggest that the liquid was on the floor for any length of

time such that it would have been known to [the defendant]. . . . [C]onflicts in [the

p]laintiff's own testimony cannot be the basis for the creation of a jury question as to

constructive notice."). Here, in contrast, Plaintiff consistently maintained that there

were track-like footprints in the area where she slipped. (Dkt. 26-1 at 62:14–25, 63:1–

12.) Plaintiff also explained during her deposition that when she slipped, she was not

fully inside the restroom. (*Id.* at 62:22–63:2.) This testimony supports that Plaintiff

did not make the footprints. Moreover, in *Sutton*, 64 F.4th at 1169–72, the court

concluded that even if there was an absence of definitive testimony concerning the

ownership of footprints, evidence of track marks and footprints through the transitory

foreign substance was sufficient to rebut the defendant's testimony about inspecting

the area. Specifically, the court explained,

> there is no definitive testimony here about whether the
> footprints were made by [the plaintiff] or someone else.
> Although a jury might eventually decide that the footprints
> belonged to [the plaintiff], an equally compelling inference
> from the dirty appearance of the [transitory foreign
> substance] is that it had gone undetected on the floor for a
> sufficient period of time to place [the defendant] on
> constructive notice. . . . [The plaintiff's] testimony is clear
> that she saw a track mark only a few inches away, [which]
> afforded the reasonable inference that the [transitory foreign
> substance] had been on the ground for a sufficient period of
> time to establish constructive notice.

*Id.* at 1171 (quotation omitted).

Defendant also maintains that summary judgment is appropriate because

"Plaintiff's testimony does not describe tracks actually through the [transitory foreign] substance, but rather[,] she discusses seeing marks in some other area." (Dkt. 26 at 9.) However, as explained above, Plaintiff testified that the floor where she slipped appeared dirty. (Dkt. 26-1 at 62:3–17, 63:7–12.) Based on Plaintiff's deposition testimony, genuine issues of material fact exist for trial because a reasonable jury could conclude that Defendant had constructive notice of the water on the restroom floor.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Dkt. 26) is **DENIED**.

**ORDERED** in Orlando, Florida, on June 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record